IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Earl Smith, ) | C/A No. 2:19-cv-00905-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Andrew Saul, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner") and denying Plaintiff's request for remand. ECF Nos. 18, 21. Having considered the parties' briefing and all relevant law, the Court SUSTAINS Plaintiff's Objections and respectfully DECLINES TO ADOPT the Magistrate Judge's Report for the reasons that follow.

## BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying his claims for Disability Insurance Benefits ("DIB"). Plaintiff applied for DIB on June 23, 2015, alleging disability beginning June 1, 2013, due to degenerative bone disease of the right foot plantar fascia, lower lumbar issues, migraines, depression, and hearing loss in the right ear. (R. 77–78). Plaintiff's application was denied initially and on reconsideration. (R. 86, 103). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 9, 2017. (R. 31–60). The ALJ denied Plaintiff's application in a decision

1

issued April 4, 2018. (R. 15–25). The Appeals Council denied Plaintiff's request for review on January 31, 2019, making the ALJ's denial the final decision of the Commissioner. (R. 1–4).

Plaintiff filed suit in this Court on March 26, 2019. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On July 23, 2020, Magistrate Judge Mary Gordon Baker issued her Report recommending that the decision of the Commissioner be affirmed. ECF No. 18. On August 11, 2020, Plaintiff filed Objections to the Report. ECF No. 21. The Commissioner filed a Response on August 19, 2020. ECF No. 22. Plaintiff's Objections and the Magistrate Judge's Report are now before this Court.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review

of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **DISCUSSION**

The only issue raised on appeal, both in Plaintiff's initial briefing and in his Objections, is whether the ALJ properly considered Plaintiff's borderline age status in making her determination of non-disability. For the following reasons, the Court finds that she did not.

In assessing whether a claimant is disabled, the ALJ performs a five-step sequential evaluation. At step five the ALJ must assess the claimant's ability to perform jobs existing in the national economy. 20 C.F.R. § 404.1520(a)(4)(v); *Monroe v. Colvin*, 826 F.3d 176, 180 (4th Cir. 2016). The Medical-Vocational Guidelines, or "Grids," were promulgated to assist the ALJ in making this assessment. *Heckler v. Campbell*, 461 U.S. 458, 461 (1983); *see* 20 C.F.R. Part 404, Subpart P, Appendix 2. These guidelines "consist of a matrix of the four factors identified by Congress—physical ability, age,

3

education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Heckler*, 461 U.S. at 461–62.  Of importance to the case at hand, Grid Rule 202.06 establishes that a claimant of "advanced age" with a residual functional capacity ("RFC") for light work and no direct entry into skilled work is disabled.  20 C.F.R. Part 404, Subpart P, Appendix 2.

Plaintiff was fifty-four years and eight months old at the date last insured, just four months shy of the "advanced age" category set forth in the Regulations and a consequent finding of disability.  (R. 22); 20 C.F.R. § 404.1563(e).  The parties agree that Plaintiff's proximity to the advanced age category represented a "borderline" age situation.  The Regulations state:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 404.1563(b).  The Social Security Administration's Program Operations Manual System ("POMS") identifies the factors to be considered as the claimant's education, work experience, and RFC.[1]  POMS DI 25015.006.  This guidance mirrors the ALJ's responsibility to consider a claimant's "residual functional capacity, education, and work experience" at step five in combination with the claimant's chronological age.  20 C.F.R. § 404.1563(a); *see also Heckler*, 461 U.S. at 461–62.

---

[1] To be precise, the claimant's RFC should be considered only where the RFC limitations "adversely affect his or her (unskilled) occupational base, but do not substantially erode it."  POMS DI 25015.006(E)(1)(d).

4

The ALJ noted Plaintiff's borderline age status and determined that the next higher age group should not apply. (R. 22). The Commissioner argues that this consideration was sufficient. However, the ALJ included no discussion pertaining to the relevant factors of RFC, education, and work experience. Instead she explicitly based her determination on the inability of Plaintiff's treating sources to reach him, Plaintiff's substance abuse,[2] and the routine nature of Plaintiff's treatment suggesting that his impairments were not as limiting as alleged.[3] It therefore appears that the ALJ, in addition to her failure to address the proper factors, actually based her decision on several improper ones.

It also appears the ALJ improperly conflated her step three RFC analysis with her step five borderline age analysis. The Grids are to be considered at step five, not step three, of the sequential evaluation. *Heckler*, 461 U.S. at 461. Likewise, a borderline age analysis is properly performed in "apply[ing] the age categories" to the Grids at step five. 20 C.F.R. § 404.1563(b). Here the ALJ discussed Plaintiff's borderline age status at step three, in the middle of her RFC analysis. (R. 22). Because the ALJ made the borderline age decision prior even to determining Plaintiff's RFC, it is difficult to imagine how she could properly have considered his RFC in deciding whether to apply the higher age

---

[2] The ALJ noted that "substance abuse is not material in this case," but that "it is nevertheless an issue to be considered in the claimant's overall treatment and whether it prevented the claimant from being adherent to recommended treatment." (R. 22). The Court therefore concludes that Plaintiff's substance abuse played at least some part in the ALJ's determination.

[3] It is not entirely clear whether Plaintiff's routine treatment, "suggest[ing] that the claimant's symptoms and limitations were not as severe as he alleges," factored into the borderline age determination or was simply a continuation of the RFC analysis. (R. 22). Because this discussion directly followed the borderline age discussion and began with the word "[f]urther," the Court tentatively believes that it formed part of the borderline age analysis. This lack of clarity is in itself problematic, as explained below.

category.  The confusion arising from the placement of the ALJ's borderline age analysis in the middle of step three is exacerbated by her improper consideration of factors, such as conservative treatment and providers' difficulty in reaching Plaintiff, that may be relevant to Plaintiff's RFC determination but are not germane to the borderline age determination.  In sum, because the record affirmatively suggests that the ALJ did not consider the correct factors in deciding whether to apply the next higher age category, the Court finds that she erred.

The Commissioner argues that any error was harmless because consideration of the correct factors would not have resulted in a different outcome.  ECF Nos. 14 at 17; 22 at 4–6.  Specifically, the Commissioner asserts that Plaintiff's age and education do not support use of the higher age category.  ECF No. 22 at 5.  This Court, however, will not undertake to reweigh the facts and conduct its own step five analysis.  *See Hays v. Sullivan*, 907 F.3d 1453, 1456 (4th Cir. 1990) ("[I]t is not within the province of a reviewing court to determine the weight of the evidence . . . [or] to make findings of fact and to resolve conflicts in the evidence.") (citations omitted).  The Court's role is to determine whether the ALJ conducted the analysis correctly, not to reweigh the applicable factors in her place.  Because the ALJ's explicit consideration of the wrong factors and silence regarding the proper ones "frustrates effective judicial review," the Court cannot find that the error was harmless.  *Patterson v. Comm'r of SSA*, 846 F.3d 656, 658 (4th Cir. 2017).  Remand for proper consideration of Plaintiff's borderline age status is therefore warranted.

**CONCLUSION**

For the reasons set forth above, the Court respectfully **DECLINES TO ADOPT** the Report, **SUSTAINS** Plaintiff's Objections, and **REVERSES** the final decision of the Commissioner. This action is hereby **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 23, 2020
Spartanburg, South Carolina

7